IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANDREW DONOVAN, et al., | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL NO. JKB-24-1933 |
| SAFECO INSURANCE COMPANY OF AMERICA, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Defendant Safeco Insurance Company of America has filed a Motion to Compel Discovery. (ECF No. 38.) Defendant seeks that the Court enter an order (1) finding that the Plaintiffs have waived objections to interrogatories pursuant to Federal Rule of Civil Procedure 33; (2) compelling responsive and complete answers to Defendant's Interrogatory Nos. 1, 6, 7, 8, 9, 11, 13, 14, 18, 19, 21 and 24; and (3) and compelling a full and complete expert disclosure providing all information required by Rule 26. (*Id.*) For the reasons stated below, the Motion will be denied.

The briefing before the Court is deficient and does not permit the Court to make a reasoned judgment as to the discovery issues at hand. For instance, Defendant's Motion explains that Plaintiffs provided deficient responses to interrogatories on January 29, 2025 and that Defendant outlined those deficiencies in a March 11, 2025 letter. (ECF No. 38-1 at 1.) After Plaintiffs retained new counsel, Plaintiffs apparently provided new answers to the interrogatories on May 19, 2025. (*Id.* at 2.) Defendant contends that these answers remain deficient, but Defendant fails to explain in any detail what the deficiencies continue to be. Although the Court is in possession

of the March 11 deficiency letter, this letter obviously does not address the later-in-time May 19 production.

Thus, the Court is without sufficient information to rule on the Motion. To the extent Defendant wishes to renew its Motion, it must clearly present each of the three issues on which it seeks an order and cite to relevant law. Defendant must clearly explain why Plaintiffs' interrogatory responses and expert disclosures are deficient.

Further, the briefing reflects that, while counsel did meet and confer as required by the Local Rules, those conferences appear to have been very brief. The Court reminds the parties that, with respect to discovery disputes, the Court expects that "[c]ounsel shall confer with one another concerning a discovery dispute and make a reasonable effort to resolve the differences between them" and that counsel are required to "meet in person or by video or telephonic means for a *reasonable period of time in a good faith effort* to resolve the disputed matter." Local Rule 104.7 (2025) (emphasis added).

Accordingly, it is ORDERED that the Motion to Compel (ECF No. 38) is DENIED without prejudice.

DATED this 31 day of July, 2025.

BY THE COURT:

_James K. Bredar_
James K. Bredar
United States District Judge

2